## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____X

**Christiana Trust, a Division of Wilmington
Savings Fund Society, FSB, not in its
individual capacity but as Trustee for
Victoria Capital Trust,**
        **Plaintiff,**

**v.**                                                    **Civil Action No.**

**Southbridge RE, LLC, and Hunter Foote,
Shelle Realty, LLC, and Worcester Services, LLC,**
        **Defendants,**

**and**

**Keziah Ulanga,**
        **Party-in-Interest.**
_____X

## <u>VERIFIED COMPLAINT TO ENFORCE A JUDGMENT</u>

NOW COMES the Plaintiff, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee for Victoria Capital Trust ("Christiana Trust"), by and through its attorneys, Doonan Graves and Longoria LLC, and hereby brings this Complaint to enforce a Judgment entered in its favor by the U.S. District Court in Civil Action Number 21-CV-30061-KAR ("Related Action") by setting aside fraudulent transfers of certain real estate previously owned by the Defendants, Southbridge RE, LLC and Hunter Foote, in order to make said real estate available to satisfy the Judgment entered in the Related Action.[1] Christiana Trust advances its Complaint by alleging the following:

## <u>PARTIES</u>

1.      The Plaintiff, Christiana Trust Company of Delaware, d/b/a, Christiana Trust, a Division

---

[1] _See_ Exhibit A (a true and correct copy of the Judgment is attached hereto and incorporated herein).

Christiana Trust, as Trustee v. Southbridge RE, LLC, et al.
25 Pleasant Street, Westfield, MA & 103 Prospect Street, Springfield, MA
DG&L File No.: 56535 & 56536         1

of Wilmington Savings Fund Society, FSB, is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 500 Delaware Avenue, Wilmington Delaware, 19801.

2.   Christiana Trust Company of Delaware is a wholly owned operating subsidiary of Wilmington Savings Fund Society, a federal savings bank organized and existing under the laws of the United States of America with its principal place of business located at 500 Delaware Avenue, Wilmington, DE 19801.

3.   Christiana Trust Company of Delaware is doing business as Christiana Trust.

4.   Christiana Trust is acting in its capacity as Trustee for the Victoria Capital Trust.

5.   The Defendant, Southbridge RE, LLC ("Southbridge") is a domestic limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 40 Fox Run, Southbridge, MA**.** Upon information and belief, each of Southbridge's members reside in Massachusetts.

6.   The Defendant, Hunter Foote, is an individual who, upon information and belief, currently resides in Worcester, MA.

7.   The Defendant, Shelle Realty, LLC ("Shelle Realty"), is a domestic limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 16 Dean Street, Southbridge, MA. Upon information and belief, each of Shelle's members reside in Massachusetts.

8.   The Defendant, Worcester Services, LLC ("Worcester Services"), is a domestic limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 16 Dean Street, Southbridge, MA. Upon information and belief, each of Worcester Services' members reside in

Massachusetts.

9.     The Party-in-Interest, Keziah Ulanga is an individual who, upon information and belief, currently resides in Chelmsford, MA.

## JURISDICTION

10.    This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651, any court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is the Judgment in the amount of $265,366.94 entered in favor of Christiana Trust by the U.S. District Court in Civil Action Number 21-CV-30061-KAR.[2]

12.    Thus, the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

13.    Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to U.S. Bank's claims transpired in Massachusetts and the property is located in Massachusetts.

## FACTUAL ALLEGATIONS

14.    On or about May 4, 2021, the Defendant, Southbridge, commenced the Related Action

---

[2] *See* Exhibit A.

against Christiana Trust and its loan servicer, Kiavi Funding, Inc. f/k/a LendingHome Funding Corporation ("Kiavi"), in the Hampden Superior Court, which was removed to the U.S. District Court on May 24, 2023.[3]

15.     Southbridge commenced the Related Action in an attempt to avoid Christiana Trust's foreclosure sales[4] of the properties located at 103 Prospect Street, Springfield, MA ("Prospect Street Property"), which was encumbered by a Mortgage recorded in the Hampden County Registry of Deeds in Book 22357, Page 427 ("Prospect Street Mortgage") that was pledged as security for a Promissory Note Mortgage given by Southbridge,[5] and 25 Pleasant Street, Westfield, MA ("Pleasant Street Property"), which was encumbered by a Mortgage recorded in the Hampden County Registry of Deeds in Book 22401, Page 130 ("Pleasant Street Mortgage") that was pledged as security for a Promissory Note also given by Southbridge.[6]

16.     On June 22, 2021, Christiana Trust and Kiavi filed their Answer in the Related Action, which included counterclaims against Southbridge to recover the deficiency balances owed under the terms of the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.[7]

17.     On August 2, 2023, the U.S. District Court entered Judgment in the Related Action in favor of Christiana Trust and Kiavi.[8]

---

[3] *See Southbridge RE, LLC v. Christiana Trust*, 21-CV-30061-KAR, 2023 WL 2696496 (D.Mass. Mar. 29, 2023).
[4] *See id.*, at *1.
[5] *See* Exhibits B and C (true and correct copies of the Prospect Street Note and Mortgage are attached hereto and incorporated herein).
[6] *See* Exhibits D and E (true and correct copies of the Pleasant Street Note and Mortgage are attached hereto and incorporated herein).
[7] *See Southbridge RE, LLC*, 2023 WL 2696496, at *15.
[8] *See* Exhibit A.

18.    Pursuant to the Judgment, Christiana Trust is entitled to recover damages in the amount of $265,366.94 from Southbridge.[9]

19.    The damages awarded by the U.S. District Court in the Related Action represent the deficiency balance owed under the terms of the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.[10]

20.    The Defendant, Hunter Foote, executed written Guaranties whereby he agreed to assume personal liability for the debt owed under the terms of the Prospect Street and Pleasant Street Notes.[11]

21.    On March 4, 2024, Christiana Trust made a demand on the Defendants, Southbridge and Hunter Foote, for payment in satisfaction of the Judgment entered in the Related Action.[12]

22.    Despite Christiana Trust's demand, the Defendants failed or refused to pay any portion of the Judgment.

23.    The Judgment entered in the Related Action remains in full force and effect and remains unpaid.

24.    The Defendant Worcester Services is the owner of record of the following real estate previously owned by Southbridge:

a.    **24 Dartmouth Street, Springfield, MA ("24 Dartmouth Street"),** currently held in the name of Worcester Services by virtue of a Quitclaim Deed dated December 24, 2021, and recorded with the Hampden County Registry of Deeds in Book 24308, Page

---

[9] *See* Exhibit A at ¶ 6.
[10] *See* Exhibit A at ¶ 6.
[11] *See* Exhibit B at 11; Exhibit D at 9.
[12] *See* Exhibit F (a true and correct copy of the Demand for Payment is attached hereto and incorporated herein).

552.[13]

b. **57 Elm Street, Worcester, MA ("57 Elm Street"),** currently held in the name of Worcester Services by virtue of a Quitclaim Deed dated January 13, 2022, and recorded with the Worcester County (Worcester District) Registry of Deeds in Book 66946, Page 173.[14]

c. **40 Elm Street, Unit B, Worcester, MA ("40 Elm Street"),** currently held in the name of Worcester Services by virtue of a Quitclaim Deed dated June 15, 2022, and recorded with the Worcester County (Worcester District) Registry of Deeds in Book 67758, Page 173.[15]

25. The Defendant Shelle Realty is the owner of record of the following real estate previously owned by Southbridge:

a. **16 Germain Street, Worcester, MA ("16 Germain Street"),** currently held in the name of Shelle Realty by virtue of a Quitclaim Deed dated October 1, 2021, and recorded with the Worcester County (Worcester District) Registry of Deeds in Book 66214, Page 270.[16]

b. **94 Elm Street, Worcester, MA ("94 Elm Street"),** currently held in the name of Shelle Realty by virtue of a Quitclaim Deed dated December 20, 2021, and recorded with the Worcester County (Worcester District) Registry of Deeds in Book 66795, Page

---

[13] *See* Exhibit G (a true and correct copy of the Quitclaim Deed conveying 24 Dartmouth Street to Worcester Services is attached hereto and incorporated herein).

[14] *See* Exhibit H (a true and correct copy of the Quitclaim Deed conveying 57 Elm Street to Worcester Services is attached hereto and incorporated herein).

[15] *See* Exhibit I (a true and correct copy of the Quitclaim Deed conveying 40 Elm Street to Worcester Services is attached hereto and incorporated herein).

[16] *See* Exhibit J (a true and correct copy of the Quitclaim Deed conveying 16 Germain Street to Shelle Realty is attached thereto and incorporated herein).

36.[17]

c. **718 Main Street, Southbridge, MA ("718 Main Street")**, currently held in the name of Shelle Realty by virtue of a Quitclaim Deed dated December 30, 2021, and recorded with the Worcester County (Worcester District) Registry of Deeds in Book 66872, Page 26.[18]

d. **119 Forest Street, Worcester, MA ("119 Forest Street")**, currently held in the name of Shelle Realty by virtue of a Quitclaim Deed dated January 31, 2024, and recorded with the Worcester County (Worcester District) Registry of Deeds in Book 70162, Page 44.[19]

26. Southbridge transferred or otherwise conveyed title to the real estate currently owned by the Defendants, Shelle Realty and Worcester Services, for the purpose of hindering, delaying or defrauding Christiana Trust in its attempts to recover the debt owed under the terms of the Prospect Street and Pleasant Street Mortgage Loans from Southbridge as contemplated by the Judgment entered in the Prior Action.

<u>**COUNT I**</u>
**FRAUDULENT TRANSFER**
**(Real Estate Located at 24 Dartmouth Street)**

27. The Plaintiff repeats and re-alleges Paragraphs 1 through 26 as if fully set forth herein.

28. Southbridge is the former owner of the property located at 24 Dartmouth Street.[20]

29. On October 28, 2020, Southbridge conveyed 24 Dartmouth Street to the Party-in-interest,

---

[17] *See* Exhibit K (a true and correct copy of the Quitclaim Deed conveying 94 Elm Street to Shelle Realty is attached hereto and incorporated herein).
[18] *See* Exhibit L (a true and correct copy of the Quitclaim Deed conveying 718 Main Street to Shelle Realty is attached hereto and incorporated herein).
[19] *See* Exhibit M (a true and correct copy of the Quitclaim Deed conveying 119 Forest Street to Shelle Realty is attached hereto and incorporated herein).
[20] *See* Exhibit N (a true and correct copy of the Quitclaim Deed conveying 24 Dartmouth Street to Keziah Ulanga is attached hereto and incorporated herein).

Keziah Ulanga, by virtue of a Quitclaim Deed recorded with the Hampden County Registry of Deeds in Book 23505, Page 403.[21]

30.    Southbridge executed the Deed to 24 Dartmouth Street less than two weeks after Kiavi served its Notice of Default with respect to the Pleasant Street Property on October 15, 2020.[22]

31.    On December 14, 2021, Keziah Ulanga conveyed 24 Dartmouth Street to the Defendant, Worcester Services, by virtue of a Quitclaim Deed recorded with the Hampden County Registry of Deeds in Book 24308, Page 552.[23]

32.    The Defendant, Worcester Services, continues to hold title to real estate located at 24 Dartmouth Street.[24]

33.    Pursuant to its Certificate of Organization filed with the Massachusetts Secretary of the Commonwealth, Hunter Foote was the manager, signatory and resident agent for Worcester Services at the time of its organization on September 18, 2020.[25]

34.    On or about July 5, 2021, Worcester Services filed its Annual Report with the Secretary of the Commonwealth indicating that Michelle Ngila was the manager and signatory as of that date; however, Hunter Foote continued to serve as Worcester Services' resident agent at least until July 5, 2021, when Southbridge filed its Statement of Change of Resident Agent.[26]

35.    In response to request for admission served in the Related Action, Hunter Foote

---

[21] *See* Exhibit N.
[22] *Compare* Exhibit N, *with* Exhibit O (a true and correct copy of the Notice of Default is attached hereto and incorporated herein).
[23] *See* Exhibit G.
[24] *See* Exhibit G.
[25] *See* Exhibit P (a true and correct copy of Worcester Services' Certificate of Organization is attached hereto and incorporated herein).
[26] *See* Exhibit Q (a true and correct copy of Worcester Services' Annual Report is attached hereto and incorporated herein).

acknowledged that he currently is or previously was in a personal relationship with Michelle Ngila.[27]

36. Upon information and belief, at all times relevant hereto, Southbridge and/or Hunter Foote has exercised control over the business practices of Worcester Services.

37. Upon information and belief, at the time that Judgment entered in the Related Action, the Defendant, Southbridge was insolvent.

38. Southbridge conveyed 24 Dartmouth Street as part of a scheme to hinder, delay or defraud its creditors, such as the Plaintiff with respect to its efforts to recover the deficiency balance owed under the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.

39. Accordingly, Southbridge's conveyance of 24 Dartmouth Street constitutes a fraudulent transfer under G.L. c. 109A, § 5(a)(1).

40. As a result of liens recorded on title to 24 Dartmouth Street, it is unclear if the equity in the property alone, if any, will be sufficient to satisfy the Judgment entered in the Related Action.

41. Injustice may only be avoided by a Judgment in Plaintiff's favor, voiding the conveyances of 24 Dartmouth Street so that the property may be made available to satisfy the Judgment entered in the Related Action and an Order enjoining the Defendant, Worcester Services, from conveying 24 Dartmouth Street until further order of this Court.

---

[27] *See* Exhibit R (a true and correct copy of Southbridge's Response to the Plaintiff's Request for Admissions is attached hereto and incorporated herein).

## COUNT II
## FRAUDULENT TRANSFER
### (Real Estate Located at 57 Elm Street)

42.     The Plaintiff repeats and re-alleges Paragraphs 1 through 41 as if fully set forth herein.

43.     Southbridge is the former owner of the property located at 57 Elm Street.[28]

44.     On January 13, 2022, Southbridge conveyed 57 Elm Street to the Defendant, Worcester Services, by virtue of a Quitclaim Deed recorded with the Worcester County (Worcester District) Registry of Deeds in Book 66946, Page 173.[29]

45.     Southbridge executed the Deed to 57 Elm Street after the Plaintiff filed its Answer in the Related Action, which included counterclaims against Southbridge to recover the deficiency balances owed under the terms of the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.[30]

46.     The Defendant, Worcester Services, continues to hold title to real estate located at 57 Elm Street.[31]

47.     Pursuant to its Certificate of Organization filed with the Massachusetts Secretary of the Commonwealth, Hunter Foote was the manager, signatory and resident agent for Worcester Services at the time of its organization on September 18, 2020.[32]

48.     On or about July 5, 2021, Worcester Services filed its Annual Report with the Secretary of the Commonwealth indicating that Michelle Ngila was the manager and signatory as of that date; however, Hunter Foote continued to serve as Worcester Services' resident agent

---

[28] *See* Exhibit H.
[29] *See* Exhibit H.
[30] *Compare* Exhibit H, *with* Exhibit S at 3 (a true and correct copy of the Docket for the Related Action is attached hereto and incorporated herein).
[31] *See* Exhibit H.
[32] *See* Exhibit P.

at least until July 5, 2021, when Southbridge filed its Statement of Change of Resident Agent.[33]

49.    In response to request for admission served in the Related Action, Hunter Foote acknowledged that he currently is or previously was in a personal relationship with Michelle Ngila.[34]

50.    Upon information and belief, at all times relevant hereto, Southbridge and/or Hunter Foote has exercised control over the business practices of Worcester Services.

51.    Upon information and belief, at the time that Judgment entered in the Related Action, the Defendant, Southbridge was insolvent.

52.    Southbridge conveyed 57 Elm Street as part of a scheme to hinder, delay or defraud its creditors, such as the Plaintiff with respect to its efforts to recover the deficiency balance owed under the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.

53.    Accordingly, Southbridge's conveyance of 57 Elm Street constitutes a fraudulent transfer under G.L. c. 109A, § 5(a)(1).

54.    As a result of liens recorded on title to 57 Elm Street, it is unclear if the equity in the property alone, if any, will be sufficient to satisfy the Judgment entered in the Related Action.

55.    Injustice may only be avoided by a Judgment in Plaintiff's favor, voiding the conveyance of 57 Elm Street so that the property may be made available to satisfy the Judgment entered in the prior action and an Order enjoining the Defendant, Worcester Services, from

---

[33] *See* Exhibit Q.
[34] *See* Exhibit R.

conveying 57 Elm Street until further order of this Court.

## COUNT III
## FRAUDULENT TRANSFER
### (Real Estate Located at 40 Elm Street)

56. The Plaintiff repeats and re-alleges Paragraphs 1 through 55 as if fully set forth herein.

57. Southbridge is the former owner of the property located at 40 Elm Street.[35]

58. On June 15, 2022, Southbridge conveyed 40 Elm Street to the Defendant, Worcester Services, by virtue of a Quitclaim Deed recorded with the Worcester County (Worcester District) Registry of Deeds in Book 67758, Page 173.[36]

59. Southbridge executed the Deed to 40 Elm Street after the Plaintiff filed its Answer in the Related Action, which included counterclaims against Southbridge to recover the deficiency balances owed under the terms of the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.[37]

60. Southbridge also executed the Deed to 40 Elm Street on the same day as the oral argument on the Parties' Cross-Motions for Summary Judgment in the Related Action.[38]

61. The Defendant, Worcester Services, continues to hold title to real estate located at 40 Elm Street.[39]

62. Pursuant to its Certificate of Organization filed with the Massachusetts Secretary of the Commonwealth, Hunter Foote was the manager, signatory and resident agent for Worcester Services at the time of its organization on September 18, 2020.[40]

---

[35] *See* Exhibit I.
[36] *See* Exhibit I.
[37] *Compare* Exhibit I, *with* Exhibit S at 3.
[38] *Compare* Exhibit I, *with* Exhibit S at 7.
[39] *See* Exhibit I.
[40] *See* Exhibit P.

63.    On or about July 5, 2021, Worcester Services filed its Annual Report with the Secretary of the Commonwealth indicating that Michelle Ngila was the manager and signatory as of that date; however, Hunter Foote continued to serve as Worcester Services' resident agent at least until July 5, 2021, when Southbridge filed its Statement of Change of Resident Agent.[41]

64.    In response to request for admission served in the Related Action, Hunter Foote acknowledged that he currently is or previously was in a personal relationship with Michelle Ngila.[42]

65.    Upon information and belief, at all times relevant hereto, Southbridge and/or Hunter Foote has exercised control over the business practices of Worcester Services.

66.    Upon information and belief, at the time that Judgment entered in the Related Action, the Defendant, Southbridge was insolvent.

67.    Southbridge conveyed 40 Elm Street as part of a scheme to hinder, delay or defraud its creditors, such as the Plaintiff with respect to its efforts to recover the deficiency balance owed under the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.

68.    Accordingly, Southbridge's conveyance of 40 Elm Street constitutes a fraudulent transfer under G.L. c. 109A, § 5(a)(1).

69.    As a result of liens recorded on title to 40 Elm Street, it is unclear if the equity in the property alone, if any, will be sufficient to satisfy the Judgment entered in the Related Action.

---

[41] *See* Exhibit Q.
[42] *See* Exhibit R.

70.   Injustice may only be avoided by a Judgment in Plaintiff's favor, voiding the conveyance of 40 Elm Street so that the property may be made available to satisfy the Judgment entered in the prior action and an Order enjoining the Defendant, Worcester Services, from conveying 40 Elm Street until further order of this Court.

**COUNT IV**
**FRAUDULENT TRANSFER**
**(Real Estate Located at 16 Germain Street)**

71.   The Plaintiff repeats and re-alleges Paragraphs 1 through 70 as if fully set forth herein.

72.   Southbridge is the former owner of the property located at 16 Germain Street.[43]

73.   On October 1, 2021, Southbridge conveyed 16 Germain Street to the Defendant, Shelle Realty, by virtue of a Quitclaim Deed recorded with the Worcester County (Worcester District) Registry of Deeds in Book 66214, Page 270.[44]

74.   Southbridge executed the Deed to 16 Germain Street less than three months after the Plaintiff filed its Answer in the Related Action, which included counterclaims against Southbridge to recover the deficiency balances owed under the terms of the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.[45]

75.   The Defendant, Shelle Realty, continues to hold title to real estate located at 16 Germain Street.[46]

76.   Pursuant to its Annual Report filed with the Massachusetts Secretary of the Commonwealth on November 1, 2022, Michelle Ngila is the manager, signatory and resident agent for

---

[43] *See* Exhibit J.
[44] *See* Exhibit J.
[45] *Compare* Exhibit J, *with* Exhibit S at 3.
[46] *See* Exhibit J.

Shelle Realty.[47]

77.    In response to request for admission served in the Related Action, Hunter Foote acknowledged that he currently is or previously was in a personal relationship with Michelle Ngila.[48]

78.    Further, Southbridge is the guarantor of certain loans obtained by Shelle Realty.[49]

79.    Upon information and belief, at all times relevant hereto, Southbridge and/or Hunter Foote has exercised control over the business practices of Shelle Realty.

80.    Upon information and belief, at the time that Judgment entered in the Related Action, the Defendant, Southbridge was insolvent.

81.    Southbridge conveyed 16 Germain Street as part of a scheme to hinder, delay or defraud its creditors, such as the Plaintiff with respect to its efforts to recover the deficiency balance owed under the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.

82.    Accordingly, Southbridge's conveyance of 16 Germain Street constitutes a fraudulent transfer under G.L. c. 109A, § 5(a)(1).

83.    As a result of liens recorded on title to 16 Germain Street, it is unclear if the equity in the property alone, if any, will be sufficient to satisfy the Judgment entered in the Related Action.

84.    Injustice may only be avoided by a Judgment in Plaintiff's favor, voiding the conveyance

---

[47] *See* Exhibit T (a true and correct copy of Shelle Realty's Annual Report is attached hereto and incorporated herein).
[48] *See* Exhibit R.
[49] *See* Exhibit U at 2 (indicating that Southbridge is the Guarantor of a loan in the amount of $1,015,000.00 obtained by Shelle Realty).

of 16 Germain Street so that the property may be made available to satisfy the Judgment entered in the prior action and an Order enjoining the Defendant, Shelle Realty, from conveying 16 Germain Street until further order of this Court.

### COUNT V
### FRAUDULENT TRANSFER
### (Real Estate Located at 94 Elm Street)

85.    The Plaintiff repeats and re-alleges Paragraphs 1 through 84 as if fully set forth herein.

86.    Southbridge is the former owner of the property located at 94 Elm Street.[50]

87.    On December 20, 2021, Southbridge conveyed 94 Elm Street to the Defendant, Shelle Realty, by virtue of a Quitclaim Deed recorded with the Worcester County (Worcester District) Registry of Deeds in Book 66795, Page 36.[51]

88.    Southbridge executed the Deed to 94 Elm Street after the Plaintiff filed its Answer in the Related Action, which included counterclaims against Southbridge to recover the deficiency balances owed under the terms of the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.[52]

89.    The Defendant, Shelle Realty, continues to hold title to real estate located at 94 Elm Street.[53]

90.    Pursuant to its Annual Report filed with the Massachusetts Secretary of the Commonwealth on November 1, 2022, Michelle Ngila is the manager, signatory and resident agent for Shelle Realty.[54]

---

[50] *See* Exhibit K.
[51] *See* Exhibit K
[52] *Compare* Exhibit K, *with* Exhibit S at 3.
[53] *See* Exhibit K.
[54] *See* Exhibit T.

91.    In response to request for admission served in the Related Action, Hunter Foote
acknowledged that he currently is or previously was in a personal relationship with
Michelle Ngila.[55]

92.    Further, Southbridge is the guarantor of certain loans obtained by Shelle Realty.[56]

93.    Upon information and belief, at all times relevant hereto, Southbridge and/or Hunter Foote
has exercised control over the business practices of Shelle Realty.

94.    Upon information and belief, at the time that Judgment entered in the Related Action, the
Defendant, Southbridge was insolvent.

95.    Southbridge conveyed 94 Elm Street as part of a scheme to hinder, delay or defraud its
creditors, such as the Plaintiff with respect to its efforts to recover the deficiency balance
owed under the Promissory Notes secured by the Prospect Street and Pleasant Street
Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street
Properties.

96.    Accordingly, Southbridge's conveyance of 94 Elm Street constitutes a fraudulent transfer
under G.L. c. 109A, § 5(a)(1).

97.    As a result of liens recorded on title to 94 Elm Street, it is unclear if the equity in the
property alone, if any, will be sufficient to satisfy the Judgment entered in the Related
Action.

98.    Injustice may only be avoided by a Judgment in Plaintiff's favor, voiding the conveyance
of 94 Elm Street so that the property may be made available to satisfy the Judgment entered
in the prior action and an Order enjoining the Defendant, Shelle Realty, from conveying
94 Elm Street until further order of this Court.

---

[55] *See* Exhibit R.
[56] *See* Exhibit U at 2.

## COUNT VI
## FRAUDULENT TRANSFER
### (Real Estate Located at 718 Main Street)

99.   The Plaintiff repeats and re-alleges Paragraphs 1 through 98 as if fully set forth herein.

100.  Southbridge is the former owner of the property located at 718 Main Street.[57]

101.  On December 30, 2021, Southbridge conveyed 718 Main Street to the Defendant, Shelle Realty, by virtue of a Quitclaim Deed recorded with the Worcester County (Worcester District) Registry of Deeds in Book 66872, Page 26.[58]

102.  Southbridge executed the Deed to 718 Main Street after the Plaintiff filed its Answer in the Related Action, which included counterclaims against Southbridge to recover the deficiency balances owed under the terms of the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.[59]

103.  The Defendant, Shelle Realty, continues to hold title to real estate located at 718 Main Street.[60]

104.  Pursuant to its Annual Report filed with the Massachusetts Secretary of the Commonwealth on November 1, 2022, Michelle Ngila is the manager, signatory and resident agent for Shelle Realty.[61]

105.  In response to request for admission served in the Related Action, Hunter Foote acknowledged that he currently is or previously was in a personal relationship with Michelle Ngila.[62]

---

[57] *See* Exhibit L.
[58] *See* Exhibit L.
[59] *Compare* Exhibit L, *with* Exhibit S at 3.
[60] *See* Exhibit L.
[61] *See* Exhibit T.
[62] *See* Exhibit R.

106.    Further, Southbridge is the guarantor of certain loans obtained by Shelle Realty.[63]

107.    Upon information and belief, at all times relevant hereto, Southbridge and/or Hunter Foote has exercised control over the business practices of Shelle Realty.

108.    Upon information and belief, at the time that Judgment entered in the prior action, the Defendant, Southbridge was insolvent.

109.    Southbridge conveyed 718 Main Street as part of a scheme to hinder, delay or defraud its creditors, such as the Plaintiff with respect to its efforts to recover the deficiency balance owed under the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.

110.    Accordingly, Southbridge's conveyance of 718 Main Street constitutes a fraudulent transfer under G.L. c. 109A, § 5(a)(1).

111.    As a result of liens recorded on title to 718 Main Street, it is unclear if the equity in the property alone, if any, will be sufficient to satisfy the Judgment entered in the Related Action.

112.    Injustice may only be avoided by a Judgment in Plaintiff's favor, voiding the conveyance of 718 Main Street so that the property may be made available to satisfy the Judgment entered in the prior action and an Order enjoining the Defendant, Shelle Realty, from conveying 718 Main Street until further order of this Court.

**COUNT VII**
**FRAUDULENT TRANSFER**
**(Real Estate Located at 119 Forest Street)**

113.    The Plaintiff repeats and re-alleges Paragraphs 1 through 112 as if fully set forth herein.

---

[63] *See* Exhibit U at 2.

114.    Southbridge is the former owner of the property located at 119 Forst Street.[64]

115.    On January 31, 2024, Southbridge conveyed 119 Forest Street to the Defendant, Shelle
        Realty, by virtue of a Quitclaim Deed recorded with the Worcester County (Worcester
        District) Registry of Deeds in Book 70162, Page 44.[65]

116.    Southbridge executed the Deed to 119 Forest Street after the Plaintiff filed its Motion for
        Post-Judgment Real Estate Attachment and Motion for Post-Judgment Special Real Estate
        Attachment in the Related Action.[66]

117.    The Defendant, Shelle Realty, continues to hold title to real estate located at 119 Forest
        Street.[67]

118.    Pursuant to its Annual Report filed with the Massachusetts Secretary of the Commonwealth
        on November 1, 2022, Michelle Ngila is the manager, signatory and resident agent for
        Shelle Realty.[68]

119.    In response to request for admission served in the Related Action, Hunter Foote
        acknowledged that he currently is or previously was in a personal relationship with
        Michelle Ngila.[69]

120.    Further, Southbridge is the guarantor of certain loans obtained by Shelle Realty.[70]

121.    Upon information and belief, at all times relevant hereto, Southbridge and/or Hunter Foote
        has exercised control over the business practices of Shelle Realty.

122.    Upon information and belief, at the time that Judgment entered in the prior action, the
        Defendant, Southbridge was insolvent.

---

[64] *See* Exhibit M.
[65] *See* Exhibit M.
[66] *Compare* Exhibit M, *with* Exhibit S at 10-11.
[67] *See* Exhibit M.
[68] *See* Exhibit T.
[69] *See* Exhibit R.
[70] *See* Exhibit U at 2.

123. Southbridge conveyed 119 Forest Street as part of a scheme to hinder, delay or defraud its creditors, such as the Plaintiff with respect to its efforts to recover the deficiency balance owed under the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.

124. Accordingly, Southbridge's conveyance of 119 Forest Street constitutes a fraudulent transfer under G.L. c. 109A, § 5(a)(1).

125. As a result of liens recorded on title to 119 Forest Street, it is unclear if the equity in the property alone, if any, will be sufficient to satisfy the Judgment entered in the Related Action.

126. Injustice may only be avoided by a Judgment in Plaintiff's favor, voiding the conveyance of 119 Forest Street so that the property may be made available to satisfy the Judgment entered in the prior action and an Order enjoining the Defendant, Shelle Realty, from conveying 119 Forest Street until further order of this Court.

## <u>COUNT VIII</u>
### AFFIRMATION OF THE JUDGMENT ENTERED IN THE RELATED ACTION

127. Plaintiff repeats and re-alleges Paragraphs 1 through 126 as if fully set forth herein.

128. The Judgment for damages in the amount of $265,366.94 entered in Christiana Trust's favor in the Related Action remains in full force and effect.

129. The damage award set forth in the Judgment entered in the Related Action arises out of Christiana Trust's counterclaims to recover the deficiency balances owed under the terms of the Promissory Notes secured by the Prospect Street and Pleasant Street Mortgages following the foreclosure sales of the Prospect Street and Pleasant Street Properties.[71]

---

[71] *See* Exhibit A at ¶ 6.

130.   Although he is not a party to the Judgment entered in the Related Action, the Defendant, Hunter Foote, executed a Guaranties whereby he agreed to assume personal liability for the debt owed under the terms of the Prospect Street and Pleasant Street Notes.[72]

131.   Christiana Trust has made a demand upon the Defendants, Southbridge and Hunter Foote, for payment in satisfaction of the Judgment entered in the Related Action.[73]

132.   Despite Christiana Trust's demand, the Defendants have failed or refused to pay any portion of the Judgment.

133.   Injustice may only be avoided by a Judgment in favor of the Plaintiff determining that the Defendants remain liable, jointly and severally, for the Judgment entered in the Related Action for damages in the sum of $265,366.94 plus interest from August 2, 2023, and court costs.

WHEREFORE, the Plaintiff prays that this Court enter Judgment as follows:

1.   Enter a Judgment in favor of the Plaintiff determining that the Defendants, Southbridge and Hunter Foote, remain liable, jointly and severally, for the Judgment entered in the Related Action for damages in the sum of $265,366.94 plus interest from August 2, 2023, court costs and attorney's fees;

2.   That a temporary restraining order issue restraining the Defendant, Worcester Services, its agents, servants, officers, directors, employees, attorneys or others acting on its behalf from transferring, assigning or otherwise conveying title to 24 Dartmouth Street until further order of this Court;

3.   That a temporary restraining order issue restraining the Defendant, Worcester Services, its agents, servants, officers, directors, employees, attorneys or others acting on its behalf from

---

[72] *See* Exhibit B at 11; Exhibit D at 9.
[73] *See* Exhibit F.

transferring, assigning or otherwise conveying title to 57 Elm Street until further order of this Court;

4.     That a temporary restraining order issue restraining the Defendant, Worcester Services, its agents, servants, officers, directors, employees, attorneys or others acting on its behalf from transferring, assigning or otherwise conveying title to 40 Elm Street until further order of this Court;

5.     That a temporary restraining order issue restraining the Defendant, Shelle Realty, its agents, servants, officers, directors, employees, attorneys or others acting on its behalf from transferring, assigning or otherwise conveying title to 16 Germain Street until further order of this Court;

6.     That a temporary restraining order issue restraining the Defendant, Shelle Realty, its agents, servants, officers, directors, employees, attorneys or others acting on its behalf from transferring, assigning or otherwise conveying title to 94 Elm Street until further order of this Court;

7.     That a temporary restraining order issue restraining the Defendant, Shelle Realty, its agents, servants, officers, directors, employees, attorneys or others acting on its behalf from transferring, assigning or otherwise conveying title to 718 Main Street until further order of this Court;

8.     That a temporary restraining order issue restraining the Defendant, Shelle Realty, its agents, servants, officers, directors, employees, attorneys or others acting on its behalf from transferring, assigning or otherwise conveying title to 119 Forest Street until further order of this Court;

9.     That permanent injunctions issue under prayers two through eight until such a time when

the Plaintiff has been paid in full under the Judgment entered in the Related Action;

10.    That the Court enter Judgment voiding Southbridge's conveyance of 24 Dartmouth Street so that the Property may be made available to be sold in satisfaction of the Judgment entered in the Related Action;

11.    That the Court enter Judgment voiding Southbridge's conveyance of 57 Elm Street so that the Property may be made available to be sold in satisfaction of the Judgment entered in the Related Action;

12.    That the Court enter Judgment voiding Southbridge's conveyance of 40 Elm Street so that the Property may be made available to be sold in satisfaction of the Judgment entered in the Related Action;

13.    That the Court enter Judgment voiding Southbridge's conveyance of 16 Germain Street so that the Property may be made available to be sold in satisfaction of the Judgment entered in the Related Action;

14.    That the Court enter Judgment voiding Southbridge's conveyance of 94 Elm Street so that the Property may be made available to be sold in satisfaction of the Judgment entered in the Related Action;

15.    That the Court enter Judgment voiding Southbridge's conveyance of 718 Main Street so that the Property may be made available to be sold in satisfaction of the Judgment entered in the Related Action;

16.    That the Court enter Judgment voiding Southbridge's conveyance of 119 Forest Street so that the Property may be made available to be sold in satisfaction of the Judgment entered in the Related Action; and

17.    For such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

Christiana Trust, a Division of Wilmington Savings
Fund Society, FSB, not in its individual capacity but
as Trustee for Victoria Capital Trust
By its attorneys,

Dated: March 20, 2024

/s/ Brian C. Linehan_____
Brian C. Linehan, Esq. (BBO #690437)
Reneau J. Longoria, Esq. (BBO #635118)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 303C
Beverly, MA 01915
Tel. (978) 921-2670
bl@dgandl.com

## VERIFICATION

STATE OF _FLORIDA_ )
COUNTY OF _HILLSBOROUGH_

I, _STEPHEN TYOE_ , being duly sworn, state:

I am a representative of Christiana Trust a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee for Victoria Capital Trust, the above named Plaintiff in this action. I have read the Verified Complaint, am familiar with the contents thereof, and do thereby state that the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

By: _____

its: _PRINCIPAL_____

State of _FLORIDA_ )
County of _HILLSBOROUGH_

On this _20TH_ day of _MARCH_ 2024, 2023, before me, the undersigned notary public, personally appeared _STEPHEN TYDE_ , who proved to me through satisfactory evidence of identification which was _DRIVER LICENSE_ to be the person whose name is signed on the preceding or attached document, and acknowledged that she signed it voluntarily for its stated purpose.

Name: _Alexis Harris_
Notary Public
My Commission expires: _10/31/26_

Notary Public State of Florida
Alexis Harris
My Commission HH 327612
Expires 10/31/2026